IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:11CR-248 |
| | § | |
| JOE DIAZ | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 25, 2018, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Tracey Batson.

Joe Diaz was sentenced on August 2, 2013, before The Honorable Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute 100 Grams or More of Heroin, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of I, was 60 to 60 months. Joe Diaz was subsequently sentenced to 60 months of imprisonment followed by a 4 year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug treatment and testing, obtain a GED, a $100 special assessment, and denial of federal benefits for 5 years. On October 18, 2016, Joe Diaz completed his period of imprisonment and began service of the supervision term.

On October 7, 2015, this case was reassigned to U.S. District Judge Marcia A. Crone.

REPORT AND RECOMMENDATION – Page 1

On August 1, 2017 the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt.1384 Sealed].  The Petition asserted that Defendant violated seven (7) conditions of supervision, as follows:  (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall refrain from any unlawful use of a controlled substance; (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) Defendant shall not leave the judicial district without permission of the Court or probation officer; (5) Defendant shall notify the probation officer ten days prior to any change in residence or employment; (6) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; and (7) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the United Sates Probation Office, until such time as Defendant is released from the program by the probation officer.

The Petition alleges that Defendant committed the following acts: (1) On January 13, 2017, Defendant was arrested by McKinney, Texas, Police Department for Operating a Motor Vehicle Without a Texas Driver's License, Class C Misdemeanor, Failure to Maintain Financial Responsibility, Class C Misdemeanor and Possession of Drug Paraphernalia, Class C Misdemeanor.  He was released from Collin County Jail on January 14, 2017, on personal recognizance. On February 23, 2017, it is alleged by McKinney Texas Police Department that Defendant has committed the offense of Robbery, a second degree felony.  At the time of the Petition, Defendant was in custody in Collin County Jail and a $50,000 bond had been set. On May 17, 2017, it is alleged by McKinney Texas Police Department that Defendant committed the offense of Aggravated Kidnapping, a first degree felony; (2) and (3) On December 7, and 17, 2016,

Defendant submitted urine specimens at Homeward Bound Inc., Dallas, Texas, which tested positive for marijuana. On December 20, 2016, he admitted to U.S. Probation Officer Alvin DeBouse that he used marijuana on or about December 6, 2016. An Alere Toxicology Services interpretation report indicates Defendant reused marijuana prior to the submission of his December 17, 2016, urine specimen; (4) Defendant was being supervised in the Northern District of Texas. On January 13, 2017, he was arrested by McKinney, Texas, Police Department which is located in the Eastern District of Texas. He did not have permission of the Court or the Northern District of Texas probation office to leave their judicial district; (5) On January 13, 2017, U.S. Probation Officer Alvin DeBouse made contact with the defendant's mother, Delores Ramirez, in an attempted to locate the defendant. Mrs. Ramirez advised Officer DeBouse that she did not know her son's whereabouts and he is not welcome to return to her residence. Officer DeBouse's attempts to contact Defendant have been fruitless and his whereabouts are unknown at this time; (6) Defendant has failed to notify the U.S. Probation Office of the January 13, 2017, arrest; and (7) Defendant failed to submit to drug testing at Homeward Bound Inc., Dallas, Texas, on December 27, 2016, January 9 and 17, 2017. He also failed to attend substance abuse treatment at Homeward Bound Inc. on January 9, 2017.

Prior to the Government putting on its case, Defendant entered a plea of true to all seven (7) of the allegations (in relation to Violation 1 – only the Grade C violation) of the Petition. As to allegation one (1), the Government dismissed the Aggravated Kidnapping and Robbery. Having considered the Petition and the plea of true to all seven (7) Grade C allegations of the Petition, the Court finds that Defendant did violate his conditions of supervised release. According to U.S.S.G. 7B1.4(a), the guideline imprisonment range for a Grade C violation and a criminal history category of I is 3 to 9 months; however, Defendant and the Government agreed that the Grade A violation range of 12 to 18 months was the appropriate

sentencing range for the Court to consider in this matter and the Court agreed.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

### **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of imprisonment of twelve (12) months with thirty-six (36) months of supervised release to follow.

The Court also recommends that Defendant be housed in Dallas-Forth Worth area, if appropriate.

**SIGNED this 1st day of May, 2018.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE