IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CRIMINAL ACTION NO. 4:11-CR-248 |
| JOE DIAZ, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on May 10 2019, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Stevan Buys.

Joe Diaz was sentenced on August 2, 2013, before The Honorable Richard A. Schell of the Eastern District of Texas, after pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute 100 Grams or More of Heroin, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of I, was 60 months. Joe Diaz was subsequently sentenced to 60 months of imprisonment, followed by a 4-year term of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, obtain a GED, $100 special assessment, and federal benefits ineligibility for a period of five years. On October 18, 2016, Joe Diaz completed his period of imprisonment and began service of the supervision term. On October 7, 2015, this case was reassigned to U.S.

District Judge Marcia A. Crone. On May 11, 2018, the term of supervised release was revoked, and the Defendant was sentenced to 12 months of imprisonment followed by a 36-month term of supervised release. On June 10, 2018, the Defendant commenced the term of supervised release.

On January 8, 2019, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 1516, Sealed]. The Petition asserted that Defendant violated five (5) conditions of supervision, as follows: (1) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed; (2) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change; (3) If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change; (4) You shall participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; and (5) You must obtain your GED.

The Petition alleges that Defendant committed the following acts: (1) The Defendant failed to submit a monthly report by December 5, 2018, as instructed by the probation officer; (2) On

December 15, 2018, the Defendant's aunt, Delores Ramirez, informed this officer that the Defendant was no longer a resident of her approved address of 909 Wilcox Street, McKinney, Texas. Ms. Ramirez advised the Defendant had not lived in the residence since November 2018. The Defendant failed to report this change in residence to the probation officer; (3) On December 17, 2018, the probation officer confirmed with management of Del Frisco's Steakhouse, Plano, Texas, that the offender was no longer an employee, as he had not worked there in several weeks due to job abandonment; (4) On December 21, 2018, the Defendant was unsuccessfully discharged from Fletcher Counseling, substance abuse treatment program, due to lack of attendance. The Defendant has not attended any treatment sessions since October 5, 2018; and (5) The Defendant failed to obtain a GED, as he failed to enroll in a GED learning curriculum, as instructed by the probation officer.

Prior to the Government putting on its case, Defendant entered a plea of true to all five (5) allegations of the Petition. Having considered the Petition and the plea of true to all five (5) allegations, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine (9) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**SIGNED this 17th day of May, 2019.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE